UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TRAVIS BENNETT,

                Petitioner,                        Case No. 1:15-cv-1056

v.                                                              Honorable Janet T. Neff

TONY TRIERWEILER,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.    Factual Allegations

Petitioner Travis Bennett presently is incarcerated at the Bellamy Creek Correctional Facility. Following a jury trial in the Livingston County Circuit Court, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, following the murder of a cellmate that occurred while he was in the Livingston County Jail. On June 6, 1994, Petitioner was sentenced to a prison term of 35 to 65 years.[1]

Petitioner appealed his conviction to the Michigan Court of Appeals, raising two issues: (1) the trial court abused its discretion by denying Petitioner's request for a jury viewing of the site of the victim's death; and (2) the court abused its discretion by denying Petitioner's request to strike a portion of a witness' preliminary examination testimony, which was read to the jury. In an unpublished opinion issued on November 5, 1996, the court of appeals denied both appellate issues and affirmed the conviction. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same two issues, together with a third issue, in which he argued that the trial court had erred in submitting the case to the jury on the charge of first-degree murder. The supreme court denied leave to appeal on September 29, 1997.

On June 8, 2010, Petitioner filed a motion for relief from judgment in the Livingston County Circuit Court. In his motion, Petitioner raised five issues: (1) the introduction of pictures of the deceased was more prejudicial than probative; (2) ineffective assistance of appellate counsel in failing to challenge the effectiveness of trial counsel; (3) ineffective assistance of trial counsel in failing to challenge prosecutorial misconduct; (4) ineffective assistance of trial counsel in failing to

---

[1] Petitioner also is serving prison terms of 13 to 30 years and 5 to 20 years, imposed on June 10, 1994 and February 6, 1997, after Petitioner pleaded guilty to conspiracy to kidnap and extortion, respectively.

challenge the error of submitting the case to the jury on a charge of first-degree murder; and (5) ineffective assistance of counsel in failing to challenge the sentence on the grounds that it was based on false information.  Appointed counsel subsequently filed a supplemental brief, raising three issues:  (1) the public was unconstitutionally and repeatedly excluded from the individual voir dire of jurors; (2) defense counsel was constitutionally ineffective when he failed to object to the closure of the courtroom to the public; and (3) counsel was ineffective in waiving a defense that the other cellmates were responsible for the murder, given that Petitioner had a borderline IQ of 75, an extensive history of mental illness, was heavily medicated during trial, and the parties knew that another cellmate had confessed to his wife that he had killed the victim.  The trial court denied the motion on June 25, 2013.  Petitioner appealed the same issues to the Michigan Court of Appeals and the Michigan Supreme Court.  Those courts denied leave to appeal on June 3, 2014 and February 3, 2015, respectively.

In his habeas application, which was filed on or about October 8, 2015,[2] Petitioner raises the issues presented both on direct appeal and collateral review:

   I.  THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING [PETITIONER'S] REQUEST FOR A JURY VIEWING OF THE SITE OF MANNING'S DEATH.

   II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S REQUEST TO STRIKE A PORTION OF GUILMETTE'S PRELIMINARY EXAMINATION TESTIMONY WHICH WAS READ TO THE JURY.

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on October 8, 2015, and it was received by the Court on October 14, 2015.  Thus, it must have been handed to prison officials for mailing at some time between October 8 and 14, 2015.  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

III. THE ERROR IN SUBMITTING THE CASE TO THE JURY ON A CHARGE OF FIRST-DEGREE MURDER WAS PREJUDICIAL AND REQUIRES A NEW TRIAL.

IV. THE PICTURES OF THE DECEASE[D] SUBMITTED TO THE JURY WAS MORE PREJUDICIAL AND INFLAMMMATORY TH[A]N PROBATIVE [].

V. FAILING/REFUSING TO RAISE/CHALLENGE THE INEFFECTIVENESS OF TRIAL COUNSEL.

VI. FAILING/REFUSING TO RAISE/CHALLENGE THE PROSECUTION[']S MISCONDUCT.

VII. FAILING/REFUSING TO RAISE/CHALLENGE THE ERROR OF SUBMITTING THE CASE TO THE JURY ON A CHARGE OF FIRST DEGREE MURDER, INSTEAD OF OPEN MURDER WHEN THERE WAS INSUFFICIENT EVIDENCE OF PREMEDITATION AND DELIBERATION.

VIII. FAILING/REFUSING TO CHALLENGE THE SENTENCE AS BEING INVALID AS IT WAS BASE[D] ON FALSE/MISINFORMATION.

IX. THE REPEATED INSTANCES OF EXCLUSION OF THE PUBLIC DURING THE INDIVIDUAL VOIR DIRE OF JURORS IN A SEP[A]RATE COURTROOM VIOLATED [PETITIONER'S] CONSTITUTIONAL RIGHT TO A PUBLIC TRIAL.

X. DEFENSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE WHEN HE FAILED TO OBJECT TO THE CLOSURE OF THE COURTROOM TO THE PUBLIC.

XI. WHERE [PETITIONER], WHO WAS 17 YEARS OLD AT THE TIME OF THE OFFENSE, HAD AN IQ OF 75 IN THE BORDERLINE RANGE, HAD AN EXTENSIVE MENTAL HEALTH HISTORY, AND WAS HEAVILY MEDICATED DURING PORTIONS OF HIS PRETRIAL INCARCERATION, AND WHERE THE PARTIES KNEW THAT CELLMATE LAWRENCE GUAJARDO HAD CONFESSED TO HIS WIFE THAT HE KILLED SOMEONE IN THE JAIL, THAT GUAJARDO HAD THREATENED TO KILL HIS WIFE, AND THAT THE OTHER CELLMATE (NEWMAN) HAD JUST BEEN CONVICTED OF FIRST-DEGREE MURDER, THE TRIAL JUDGE'S CURSORY INQUIRY INTO THE VOLUNTARINESS OF DEFENDANT BENNETT'S DECISION TO

>      WAIVE ANY DEFENSE THAT THE OTHER CELLMATES WERE RESPONSIBLE WAS CONSTITUTIONALLY INADEQUATE; ALTERNATIVELY, DEFENSE COUNSEL WAS INEFFECTIVE IN ALLOWING THIS PARTICULAR DEFENDANT TO WAIVE THIS DEFENSE UNDER THESE CIRCUMSTANCES, WITHOUT FURTHER INQUIRY INTO THE VOLUNTARINESS OF THE WAIVER; [PETITIONER'S] CLAIM OF ACTUAL INNOCENCE MANDATES REVERSAL OF HIS CONVICTION FOR SECOND-DEGREE MURDER.
>
> XII.   THERE IS GOOD CAUSE AND PREJUDICE FOR RELIEF UNDER MCR 6.508(D)(3).

(Pet., ECF No.1, PageID ##9, 11, 15-16, 18, 20, 23, 25-27, 46.)

## II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### A. Analysis Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 9, 1997. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, December 29, 1997.

Petitioner had one year from December 29, 1997, or until December 29, 1998, in which to file his habeas application. Petitioner filed on October 8, 2015. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 1998, his collateral motions filed in 2010 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner claims that he is actually innocent, relying on a police report filed by the wife of one of his cellmates, Larry Guajardo, which reports that Guajardo admitted to his wife that he had committed the murder. Petitioner, however, repeatedly acknowledges that his

attorney was notified of the report shortly after the preliminary examination and before trial. (*See* Pet., PageID ##29, 32, 37.) In addition, Petitioner includes in his petition a portion of the record indicating that, on August 23, 1993, defense counsel filed a motion in the circuit court to remand for a continued preliminary examination based on the evidence of Guajardo's admission. (*Id.* at ##35-36.) He also includes a portion of the transcript in which the trial court indicated that counsel needed to investigate the possibility that Guajardo or the other cellmate, Daniel Newman, committed the offense. (*Id.* at #34.) Further, counsel made a thorough in-court record as to his discussions with his client about bringing Defendant Guajardo in to testify and Petitioner's express declaration that he did not wish to call Guajardo or Guajardo's wife or otherwise pursue the defense. (*Id.* at 37-38.) Moreover, Petitioner admits in his affidavit that he agreed to take the "rap" for the murder out of fear of Newman and Guajardo and that he "enjoyed playing the role as the dangerous tough guy and all the attention [he] was getting . . . ." (Aff. of Pet., ECF No. 1-1, PageID #61-62.) It also is apparent from the electronic report of the court of appeals' decision that Petitioner also insisted on testifying that he committed the offense, though he argued that he killed in self-defense after the victim attempted to rape him. *See* Mich. Ct. App. Op., No. 182657, http://publicdocs.courts.mi.gov:81/ opinions/final/coa/ 19961105_c182657(0039)_182657.opn.pdf (last visited Oct. 20, 2015).

Petitioner next argues that he recently discovered that his appellate attorney never adequately researched his claims to obtain a copy of the police report made by Monica Guajardo. This, he contends, causes the information to be newly discovered. Petitioner's argument is frivolous. As discussed, Petitioner, his trial attorney, the court, and any person reviewing the transcripts of the case was well aware of the content of the police report and of its existence. The fact that appellate counsel did not physically take possession of the statement does not render it newly discovered.

In sum, Petitioner proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).[3] His habeas petition therefore is time-barred.

### B. Analysis Under § 2244(d)(1)(D)

Petitioner's habeas application also is time-barred when analyzed under 28 U.S.C. § 2244(d)(1)(D). That section provides that the period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Under § 2244(d)(1)(D), the time at which the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999))." *Id.* "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing

---

[3] Although it not strictly necessary to the resolution of the issue of the statute of limitations, it is apparent from Petitioner's quotations and attachments from the record that counsel diligently pursued his concerns about Petitioner's competency, sanity, medications, and intellectual limitations. (*See* Pet., Page ID##28-31 (including citations to motion transcripts and portions of the transcripts themselves).)

*Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)).  Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims.  *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002).

Here, for the same reasons that Petitioner cannot demonstrate that he is entitled to the exception under § 2244(d)(1)(A) for actual innocence, he cannot demonstrate that a belated discovery of his claim provides him a new date for calculating the statute of limitations.  As I earlier discussed, Petitioner, his trial attorney, and the court were all aware of the factual predicate for Petitioner's claim shortly after his preliminary examination.  All of the other issues presented in the petition were equally apparent at the time of trial and direct appeal.  The petition therefore is not timely under § 2244(d)(1)(D).

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

Date:  November 5, 2015                                                    /s/ Ellen S. Carmody
                                                                                      ELLEN S. CARMODY
                                                                                      United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).