UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS BENNETT #237666,

    Petitioner,

v.

TONY TRIERWEILER,

    Respondent.
_____/

Case No. 1:15-cv-1056

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 4) recommending that this Court deny the petition as barred by the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner asserts that the Magistrate Judge erred in concluding that "Petitioner has wholly failed to provide evidence of his actual innocence" (Objs., Dkt 6 at PageID.85; R&R, Dkt 4 at PageID.77). Petitioner states that he "has provided actual prima facie proof of his actual innocence by Ms. Monica Guajardo's April 6, 1993, police report, where her husband Larry Guajardo confess

[sic] to the murder (Objs., Dkt 6 at PageID.86). He further asserts that the Magistrate Judge's conclusion that Petitioner presented no "newly discovered evidence" is "irrelevant" because Petitioner "was incompetent, incoherent, and over medicated, so clearly the petitioner did not understand what was going on, nor did he get his transcripts, the police report, or the circuit court file until 2015" (*id.* at PageID.88).

Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. To make a showing of actual innocence, a habeas petitioner must present "new evidence" showing that "'it is more likely than not that no reasonable juror would have convicted [Petitioner].'" *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The Magistrate Judge properly concluded that "Petitioner, his trial attorney, the court, and any person reviewing the transcripts of the case was well aware of the content of the police report and of its existence" (R&R, Dkt 4 at PageID.76). Petitioner admits in his petition that his defense counsel was aware of the police report and of Guajardo's purported confession prior to trial (Dkt 1 at PageID.29, 32, 37). Additionally, in his objections to the Report and Recommendation, he continues to acknowledge his awareness of the police report before trial, but states that he did not understand its value (Objs., Dkt 6 at PageID.87). Petitioner presents no authority for his proposition that his lack of understanding then, now renders the police report "new evidence" under *Schlup*. Simply, the police report is not "new evidence." The Magistrate Judge was correct in concluding that "Petitioner proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him" (R&R, Dkt 4 at PageID.77, citing *Schlup,* 513 U.S. at 329).

The Magistrate Judge properly found that Petitioner presented no new evidence of his actual innocence to excuse him from the procedural bar of the one-year statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 6) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 4) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: October 3, 2016                  /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge